

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RTP:RMS
F. #2023R00320

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 22, 2024

By ECF
The Honorable William F. Kuntz II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Gerald DeRosse
       Docket No. 23-CR-221 (WFK)

Dear Judge Kuntz:

  The government respectfully submits this letter in advance of the sentencing hearing of the defendant Gerald DeRosse, which is scheduled for December 3, 2024.  For the reasons stated below, the government requests that the Court impose a term of imprisonment within the applicable United States Sentencing Guidelines range of 151 to 188 months' imprisonment, followed by a term of supervised release, and order forfeiture in the amount of $205.  Such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth at 18 U.S.C. § 3553(a).

  I. Background

    A. Offense Conduct

  On April 6, 2023, DeRosse entered a branch of Ridgewood Savings Bank (the "Bank"), grabbed an elderly bank customer around the neck, and yelled that he was going to "blow her fucking brains out" if the bank teller did not give him money.  Presentence Investigation Report dated October 31, 2024 ("PSR"), ¶ 4.  A screenshot from the Bank's video surveillance system, showing this harrowing moment, is attached as Exhibit A.[1]

---

[1]  The government respectfully requests permission to publicly file a version of Exhibit A that is partially redacted.  As an initial matter, the government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal.  See, e.g., United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119–20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored").  However, sealing is warranted here to protect the privacy interests of the third parties—namely, the customers and employees of the Bank who appear in the screenshot.  See United States v.

The bank teller obeyed DeRosse's demand and gave him $205 in cash. Id. ¶ 5. DeRosse then fled. Id.

B. Procedural History

On April 21, 2023, the Honorable James R. Cho, United States Magistrate Judge, authorized a complaint (the "Complaint") charging DeRosse with one count of bank robbery, in violation of 18 U.S.C. § 2113(a). and issued an arrest warrant in connection with the Complaint. ECF Nos. 1–2. The FBI arrested DeRosse on April 25, 2023. PSR ¶ 7. At his initial appearance the following day, the Honorable Peggy Kuo, United States Magistrate Judge, entered a permanent order of detention against DeRosse. ECF No. 5.

On May 22, 2023, a grand jury sitting in the Eastern District of New York returned a one-count indictment (the "Indictment") charging DeRosse with bank robbery, in violation of 18 U.S.C. § 2113(a). ECF No. 10. On May 22, 2024, DeRosse pled guilty to the Indictment, PSR ¶ 1, without a plea agreement, id. ¶ 2.

On September 12, 2024, the Court granted the government's unopposed motion and ordered forfeiture in the amount of $205. ECF No. 34.

C. Criminal History

DeRosse has a lengthy criminal record, which includes the felony convictions summarized below in addition to several misdemeanor convictions.

- In 1986, DeRosse was convicted of grand larceny in the second degree in Queens County after he and a co-conspirator stole a vehicle from a victim. PSR ¶ 24. He was sentenced to a term of imprisonment of one to three years. Id. He was paroled in 1987, had his parole revoked less than a year later, and then was re-paroled in 1988. Id.

- Also in 1986, DeRosse was convicted of possession of stolen property in the second degree in Queens County after he and two co-conspirators stole two vehicles. Id. ¶ 25. He was sentenced to a term of imprisonment of one to three years. Id. As noted above, he was paroled in 1987, had his parole revoked less than a year later, and then was re-paroled in 1988, id. ¶¶ 24–25, after which his parole was again revoked in 1990, id. ¶ 25.

---

Amodeo, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (explaining that privacy interests of third parties may be a compelling reason justifying sealing). Under these circumstances, the government's interest in safeguarding the privacy of the potential witnesses outweighs the public's qualified right to access such information. Because the facts set forth in this letter provide a sufficient basis for the "specific, on the record findings" necessary to support sealing, Lugosch, 435 F.3d at 120, the government respectfully requests that the Court record those findings and permit the public filing of a partially redacted version of Exhibit A.

2

- In 1990, DeRosse was convicted of grand larceny in the third degree in Nassau County for operating a stolen vehicle. Id. ¶ 27. He was sentenced to a term of imprisonment of two to four years. Id.

- In 1993, DeRosse was convicted of robbery in the first degree in Nassau County after he and two-conspirators committed five separate armed bank robberies in which he displayed a firearm. Id. ¶ 28. He was sentenced to 15 years to life in custody. Id. He was paroled in 2010, his parole was revoked the following year, and lifetime parole was then imposed. Id.

- Also in 1993, DeRosse was convicted of robbery in the first degree in Queens County after he stole money from a victim while displaying a firearm. Id. ¶ 29. He was sentenced to a term of imprisonment of 54 months to nine years. Id. As noted above, his parole was revoked in 2011. Id.

- In 2011, DeRosse was convicted of robbery in the first degree in Queens County for robbing a bank. Id. ¶ 31. He was sentenced to a term of imprisonment of 13 years and paroled on March 9, 2023. Id.

- Also in 2011, DeRosse was convicted of robbery in the third degree in Queens County for robbing a bank. Id. ¶ 32. He was sentenced to a term of imprisonment of 42 months to 7 years. Id.

- Also in 2011, DeRosse was convicted of robbery in the first degree in Queens County for robbing a bank. Id. ¶ 33. He was sentenced to a term of imprisonment of 13 years and paroled on March 9, 2023. Id.

II.   Applicable Law

The Supreme Court has explained that "a district court should begin all sentencing proceedings by correctly calculating the applicable the United States Sentencing Guidelines (the "Guidelines") range. Gall v. United States, 552 U.S. 38, 49 (2007). Though advisory, see United States v. Booker, 543 U.S. 220, 264 (2005), the Guidelines nonetheless are "the starting point and the initial benchmark," Gall, 552 U.S. at 49; see also Molina-Martinez v. United States, 578 U.S. 189, 198–99 (2016) (explaining that "[t]he Guidelines are the framework for sentencing and anchor the district court's discretion" (alternation and internal quotation marks omitted)).

After calculating the applicable Guidelines range, the court must consider the factors outlined in § 3553(a), see Gall, 552 U.S. at 49, and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing," United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008) (citing 18 U.S.C. § 3553(a)(2)). Section 3553(a) directs the court "in determining the particular sentence to impose" to evaluate: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy

3

statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. "[I]n the ordinary case, the [U.S. Sentencing] Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Kimbrough v. United States, 552 U.S. 85, 109 (2007) (internal quotation marks omitted); see also United States v. Rueda-Zarate, 291 F. App'x 364, 366 (2d Cir. 2008) ("A Guidelines sentence will in the ordinary case 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" (quoting Kimbrough, 552 U.S. at 109)); United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). That is because "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." Rita v. United States, 551 U.S. 338, 348 (2007).

At sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988). Indeed, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

### III. Discussion

#### A. The Guidelines Calculation

As an initial matter, see Gall, 552 U.S. at 49; Molina-Martinez, 578 U.S. at 198–99, the government submits that the following Guidelines calculation, as contained in the PSR, is accurate, resulting in a Total Offense Level of 29, see PSR ¶¶ 12–22. DeRosse has not contested the accuracy of this calculation. See generally ECF No. 38 ("Def. Mem.").

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2B3.1(a)) | 20 |
| Property from Financial Institution (U.S.S.G. § 2B3.1(b)(1)) | +2 |
| Threat of Death (U.S.S.G. § 2B3.1(b)(2)(F)) | +2 |
| Adjusted Offense Level: | 27 |
| Career Offender (U.S.S.G. § 4B1.1(b)(3)) | 32 |
| Acceptance of Responsibility (U.S.S.G. §§ 3E1.1(a)–(b)) | -3 |
| Total Offense Level: | 29 |

Because DeRosse, as a Career Offender falls in Criminal History Category VI, see PSR ¶ 36 (citing U.S.S.G. § 4B1.1), the resulting Guidelines range is 151 to 188 months' imprisonment (the "Applicable Guidelines Range"), see id. ¶ 69.

4

B.  The § 3553(a) Factors Demand a Significant Term of Imprisonment

The government respectfully requests that the Court impose a term of imprisonment within the Applicable Guidelines Range.  The government submits that such a sentence is sufficient, but not greater than necessary, to achieve the purpose of sentencing as specified in § 3553(a).  Among other factors, a sentence within the Applicable Guidelines Range is necessary to recognize the serious nature of the offense, reflect DeRosse's long-standing pattern of committing armed robberies, and to deter future criminal conduct by DeRosse and others.  Any variant sentence—including the 70 months DeRosse requests—will fail to adequately achieve these important objectives.

1.  The Nature and Circumstances of the Offense

The nature and circumstances of DeRosse's conduct require a substantial incarceratory sentence.  See 18 U.S.C. § 3553(a)(1).

There can be no question that robbery is an extremely serious crime.  See, e.g., Graham v. Florida, 560 U.S. 48, 69 (2010) (observing that robbery is "a serious crime deserving serious punishment"); United States v. Mendola, 807 F. Supp. 1063, 1065 (S.D.N.Y. 1992) (noting bank robbery "is one of the more serious federal crimes").  Here, DeRosse made the appalling decision to grab a customer by the neck and threaten to "blow her fucking brains out" if the bank teller did not give him money.  In doing so, he terrified not only the elderly woman he manhandled but all the customers and employees present in the Bank; indeed, one petrified customer hid under a desk during the robbery.

Although no one was physically hurt during the robbery, that was by no means guaranteed, as robberies can and often do lead to escalation and violence.  In any event, DeRosse undeniably terrorized the men and women merely going about their business on that weekday morning.  While the evidence indicates he did not actually carry a gun during in course of the offense, DeRosse intentionally made the customers and employees believe he was armed to instill fear and thus ensure their compliance with his demand for money.  His conduct victimized each and every one of them, and a term of imprisonment within the Applicable Guidelines Range is appropriate to reflect the seriousness of his offense.

2.  DeRosse's History and Characteristics

DeRosse's conduct in this case is by no means an aberration; rather, it is a reflection of the choices he has made time and time again for decades.  His history and characteristics, therefore, further confirm that a significant term of imprisonment is warranted.  See 18 U.S.C. § 3553(a)(1).

As discussed above, DeRosse has been regularly committing robberies and other crimes since he was 17 years old, including numerous instances in which he personally displayed a firearm to force his victims to hand over money or property.  He thus has spent a significant portion of his adult life in custody as a result of the decisions he has made and the harm he

repeatedly has inflicted.[2]  When released from custody, he has wasted little time before returning to his criminal ways and committing yet another offense against yet another victim.  Indeed, DeRosse was on parole at the time he committed this robbery, having been released from prison less than a month before he walked into the Bank committed yet another robbery.

These facts "demonstrate a strong risk of recidivism and a lack of remorse for his conduct."  United States v. Dacy, 301 F. App'x 45, 46 (2d Cir. 2008).  DeRosse's lengthy criminal history and demonstrated record of completely disregarding post-conviction supervision support imposition of a term of imprisonment within the Applicable Guidelines Range.

While the government does not minimize the challenges that DeRosse has faced, see Def. Mem. 1–4, those challenges do not mitigate the need for a significant term of imprisonment given his history and characteristics as described above.[3]  His repeated choices to victimize others and his long-standing pattern of re-offending indicate a sentence nearly seven years below the very bottom of the Applicable Guidelines Range is inappropriate under the circumstances.  DeRosse's personal circumstances do not justify or erase the damage he has caused.

The government has reviewed the letters submitted on DeRosse's behalf, see id., Ex. E–F, and while he is fortunate to have such love and support, it is clear that the person described in those letters is wholly inconsistent with the man who, among other things, brazenly walked into the Bank, grabbed an elderly woman by the neck, and threatened to shoot her if the bank teller did not give him money.  Notably, he mentions this victim of the instant crime not once in his submission to the Court.  See generally id.

3.  The Need to Protect The Public From Further Crimes

Particularly acute here is the need for the sentence to protect the public from further crimes by DeRosse.  See 18 U.S.C. § 3553(a)(2)(C); cf. United States v. Chin Chong, No. 13-CR-570 (JBW), 2014 WL 4773978, at *8 (E.D.N.Y. Sept. 24, 2014) (noting that § 3553(a)(2)(C) "reflects [one of the] traditional justification[s] of sentencing—incapacitation").  As described above, he has a long-established pattern of committing new offenses—especially armed robberies—shortly after being released from custody and thus has proved himself to be a

---

[2]  DeRosse notes that his qualification as a Career Offender is based, in part, on a conviction from 1993 and seems to suggest some degree of unfairness as a result.  Def. Mem. 7, n.3.  That fact, however, is a direct consequence of his having spending nearly every year since that conviction incarcerated.

[3]  DeRosse's request for a significant variance also is based in part on the conditions of his incarceration at the Metropolitan Detention Center.  See Def. Mem. 9–11.  But that is not a basis to impose a sentence that is nearly 50% of the bottom end of the Applicable Guidelines Range.  See, e.g., United States v. Thawney, No. 20-CR-428 (WFK), 2022 WL 2132993, at *5 (E.D.N.Y. June 14, 2022) (rejecting request for downward variance based on the defendant's argument that the court should "account for the harsh conditions in which [the d]efendant was incarcerated while in the MDC").

danger to the community. Indeed, as Judge Kuo noted during the detention hearing following his arrest in this case, "[S]omebody's life could be in danger" if she were to release him "because it sounds like he has no qualms . . . using force on an innocent person." Ex. B at 19.

Thus, sentence within the Applicable Guidelines Range would serve to protect the community from DeRosse for that period of time by incapacitating him. Cf. United States v. Freeman, No. 06-CR-493 (JBW), 2011 WL 3648264, at *2 (E.D.N.Y. Aug. 12, 2011)b("Incarceration is necessary for incapacitation.").

### 4. The Need to Afford Adequate Deterrence

A significant term of imprisonment also is necessary to afford both specific and general deterrence. See 18 U.S.C. 3553(a)(2)(B); cf. United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010) (emphasizing that, pursuant to § "3553(a)(2)(B) there are two major considerations: specific and general deterrence").

For one, a substantial incarceratory sentence is necessary because DeRosse has proven himself to be undeterred by his prior convictions, which notably he has obtained in rapid succession over the course of decades and often while under post-release supervision. His crimes have resulted in lengthy prison sentences—including spending 15 years and then 12 years in custody—yet he has persisted in committing more crimes every time that he is released into the community. See United States v. Mishoe, 241 F.3d 214, 220 (2d Cir. 2001) (emphasizing that "a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve"). Indeed, DeRosse robbed the Bank less than a month after being released from a decade-plus term of imprisonment for other robberies he committed. An even lengthier term of imprisonment is necessary to send a message to this defendant that repeated criminal conduct will be appropriately and justly punished.

Moreover, a sentence within the Applicable Guidelines Range is necessary to send a clear message to other would-be and serial offenders that bank robbery is a serious crime that will result in a substantial loss of liberty, regardless of certain personal circumstances.

IV.     Conclusion

For the reason sets forth above, the government respectfully requests that the Court impose a term imprisonment with the Applicable Guidelines Range, followed by a term of supervised release, and order forfeiture in the amount of $205.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
       Rebecca M. Schuman
       Assistant U.S. Attorney
       (718) 254-7000

cc:     Clerk of Court (WFK) (by ECF)
      Nora Hirozawa, Esq. (by ECF)