UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :
                     v.                            :        **MEMORANDUM & ORDER**
                                                   :        23-CR-221 (WFK)
GERALD DEROSSE,                                    :
                                                   :
                          Defendant.               :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 22, 2024, Gerald DeRosse ("Defendant") pled guilty to the single-count Indictment, charging Defendant with one count of Bank Robbery, in violation of 18 U.S.C. § 2113(A). Presentence Investigation Report ("PSR") ¶ 1, ECF No. 35; *see also* Indictment ¶ 1, ECF No. 10; Plea Penalty Sheet ¶ 1, ECF No. 31. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 180 months of incarceration, to be followed by three years of supervised release with special conditions, forfeiture in accordance with the Order of Forfeiture, restitution, and a $100.00 mandatory special assessment.

## I.        BACKGROUND

On April 6, 2023, Defendant entered the Ridgewood Savings Bank located at 65-01 Myrtle Avenue in Queens, New York. PSR ¶ 4. Defendant then grabbed an elderly woman by the neck and said he would "blow her fucking brains out" if the bank teller did not give him money. *Id.*; *see also* Exhibit A to Government Sentencing Memorandum ("Ex. A to Gov't Mem."), ECF No. 39-1 (partially redacted photograph of the bank robbery). In response, the bank teller gave Defendant $205.00 in cash, after which Defendant fled. *Id.* ¶ 5.

On April 21, 2023, the Government filed a Complaint charging Defendant with Bank Robbery, in violation of 18 U.S.C. § 2113(a). Complaint, ECF No. 1. Federal Bureau of Investigation agents arrested Defendant on April 25, 2023. PSR ¶ 7. Following his arrest, Defendant made multiple statements admitting to the instant offense. PSR Addendum, ECF No. 40.

1

On May 22, 2023, the Government filed a single-count Indictment charging Defendant with Bank Robbery, in violation of 18 U.S.C. § 2113(a).  Indictment ¶ 1.  The Indictment also contains a criminal forfeiture allegation.  *Id.* ¶ 2.

On May 22, 2024, Defendant pled guilty to the single-count Indictment.  PSR ¶ 1; *see also* Indictment ¶ 1; Plea Penalty Sheet ¶ 1.  There is no written plea agreement in this case. PSR ¶ 2.

## II.    LEGAL STANDARD

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case.  The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C. § 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form."  *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)."  *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.).  Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant.  The Court addresses each in turn.

### A.    The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

### 1.    Family and Personal Background

Defendant was born on July 7, 1968 to Charles DeRosse and Patricia Childress in Queens, New York. PSR ¶ 42. Defendant's parents separated when Defendant was a late teenager. *Id.* ¶ 44. Defendant's father passed away in 2019. *Id.* ¶ 42. Defendant's mother resides in Florida, is aware of the instant offense, and remains supportive. *Id.* Defendant has five living siblings, and has a good relationship with all but one of them. *Id.* ¶ 43. Defendant's younger brother passed away from Sudden Infant Death Syndrome as an infant. *Id.*

Defendant was raised by his parents and one of his sisters in a middle-income Queens household. *Id.* ¶ 44. Defendant's father, who abused drugs and alcohol, physically abused Defendant's mother and physically, verbally, and emotionally abused Defendant, including but not limited to when Defendant would attempt to defend his mother. *Id.* ¶ 44; *see also* Defense Sentencing Memorandum ("Def. Mem.") at 2, ECF No. 38. Defendant also experienced violence while incarcerated at Elmira Correctional Facility when he was 17 years old. PSR ¶ 45; Def. Mem. at 2-3.

Defendant married his ex-wife in the late 1990s while Defendant was incarcerated. PSR ¶ 46. Defendant and his ex-wife divorced in 2000. *Id.* Defendant has no children and is not in a relationship. *Id.*

### 2.    Educational and Employment History

Defendant attended school until he was 14 and completed 6th grade. *Id.* ¶ 60. Defendant stopped attending school in order to work. *Id.* In 1997, while serving a term of incarceration, Defendant completed his GED. *Id.*

Defendant worked in room service at a hotel and as a diner busboy prior to his first arrest in 1986. *Id.* ¶ 64. From June 1987 through late 1988, Defendant was employed in the demolition business. *Id.* Defendant was a short- and long-haul truck driver for six months in 2010. *Id.* ¶ 63.

### 3.    Prior Convictions

Defendant has an extensive criminal history and, as discussed further *infra* at Section II.D, Defendant is properly categorized as a career offender under the sentencing Guidelines. Defendant has ten prior convictions for the following offenses, all of which are felonies unless otherwise noted: Grand Larceny in the Second Degree, *id.* ¶ 24; Possession of Stolen Property in the Second Degree, *id.* ¶ 25; Petit Larceny (misdemeanor), *id.* ¶ 26; Grand Larceny in the Third Degree, *id.* ¶ 27; four convictions for Robbery in the First Degree, *id.* ¶¶ 28-29, 31, 33; Attempted Aggravated Harassment of an Employee by an Inmate (misdemeanor), *id.* ¶ 30; and Robbery in the Third Degree, *id.* ¶ 32.

### 4.    Medical and Mental Health

Defendant suffers from chronic obstructive pulmonary disease and emphysema, for which he is prescribed an albuterol pump. *Id.* ¶ 50. Defendant most recently experienced an asthma attack in 2023. *Id.* Defendant has suffered head and face injuries, including a fractured nose and jaw resulting from a prison assault in which he was hit with a blunt object. *Id.* ¶ 51.

In 2011, Defendant attempted suicide. *Id.* ¶ 55. Defendant has been diagnosed with depression, anxiety, and post-traumatic stress disorder ("PTSD"). *Id.* ¶ 52. Defendant was prescribed an anti-depressant in early 2024. *Id.*; *see also* Def. Mem. at 5. Defendant has been evaluated by two mental health professionals, *see* PSR ¶¶ 53-54; *see also* Exs. A and B to Def. Mem., ECF No. 38-1 (mental health provider evaluations), and has sought mental health treatment at the Metropolitan Detention Center ("MDC"), Def. Mem. at 5. Defendant is hoping to engage with mental health services while incarcerated for the instant offense. Def. Mem. at 9.

### 5.  Substance Abuse

Defendant has a history of abusing powder cocaine, crack cocaine, alcohol, and heroin as coping mechanisms for past trauma and abuse. PSR ¶¶ 56-57; Def. Mem. at 3. Defendant reported using heroin on the day of the instant offense. PSR ¶ 57. During his periods of incarceration, Defendant has participated in numerous substance abuse treatment programs, including an addiction recovery program. *Id.* ¶ 59. However, Defendant reported the programs were unhelpful to him and he has struggled to maintain his sobriety outside of prison. *Id.* Defendant is looking to engage in the Residential Drug Abuse Program while incarcerated for the instant offense. Def. Mem. at 9.

### 6.  Nature and Circumstances of the Offense

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* at Section I.

### B.  The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court recognizes the severity of the instant bank robbery offense, during which Defendant—while on parole—grabbed an elderly woman by the neck and issued a death threat. *See Supra* Section I. This conduct is particularly alarming given it took place less than a month after Defendant was released from prison for armed robbery offenses. *See* PSR ¶¶ 31-33. In fact, not only does Defendant have five prior robbery convictions, but *nine* of Defendant's *ten* prior convictions involve theft of some kind. *See* PSR ¶¶ 24-33. The Court recognizes the trauma Defendant experienced in his youth, and is encouraged Defendant is seeking mental health and substance abuse treatment. The Court is aware of Defendant's difficulties in adjusting to modern life because he has spent long periods of his life incarcerated. The Court agrees with the Government: Defendant "has spent a significant portion of his adult life in custody as a result of the decisions *he* made and the harm *he* repeatedly has inflicted." Government Sentencing Memorandum ("Gov't Mem.") at 5-6, ECF No. 39. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his crimes.

### C.    The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). Defendant pled guilty to the single-count Indictment, charging him with Bank Robbery, in violation of 18 U.S.C. § 2113(A). PSR ¶ 1; *see also* Indictment ¶ 1; Plea Penalty Sheet ¶ 1.

Defendant faces a statutory maximum term of imprisonment of twenty years and no minimum term of imprisonment. 18 U.S.C. § 2113(a). Defendant faces a maximum term of

supervised release of three years. 18 U.S.C. § 3583(b)(2). If Defendant violates a condition of release, Defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. § 3583(e). Defendant is also eligible for not less than one nor more than five years of probation, and, barring extraordinary circumstances, the Court must impose a fine, restitution, or community service as a condition of probation. 18 U.S.C. §§ 3561(c)(1) and 3563(a)(2). Defendant faces a maximum fine of $250,000.00. 18 U.S.C. § 3571(b). However, Defendant does not appear able to pay a fine. PSR ¶ 67. Defendant further faces mandatory restitution in the full amount of the victim's losses as determined by the Court. 18 U.S.C. § 3663A. Probation calculates the appropriate restitution amount to be at least $205.00. PSR ¶ 78. Defendant also faces forfeiture of $205.00 as outlined in the Order of Forfeiture. ECF No. 34. The Court is also required to impose a mandatory special assessment of $100.00 per count. 18 U.S.C. § 3013.

### D.   The Kind of Sentences and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

The applicable Guideline for the sole count of the Indictment, charging Bank Robbery, in violation of 18 U.S.C. § 2113(a), is U.S.S.G. §2B3.1(a), which provides a base offense level of 20. Two levels are added because the property was taken from a financial institution and taking such property was the object of the offense. U.S.S.G. §2B3.1(b)(1). Pursuant to U.S.S.G. §2B3.1(b)(2)(F), two further levels are added because the instant offense involved a threat of death. Together, these Guideline provisions yield a preliminary adjusted offense level of 24. PSR ¶ 18.

7

Defendant is properly categorized as a career offender under U.S.S.G. §4B1.1 because: (1) Defendant was at least 18 years old when he committed the instant offense; (2) the instant offense involved a felony crime of violence; and (3) Defendant has at least two prior felony convictions for crimes of violence, specifically at least two prior convictions for Robbery in the First Degree. *See* PSR ¶ 19. Because Defendant is a career offender, the total offense level is the greater of the preliminary offense level of 24, as calculated above, or the adjusted offense level in the U.S.S.G. §4B1.1(b) career offender table. U.S.S.G. §4B1.1(b); *see also* PSR ¶ 19. As the statutory maximum sentence for the instant offense is 20 years, the career offender table in U.S.S.G. §2B1.1(b)(3) yields an offense level of 32, which is greater than 24. Therefore, the adjusted offense level, in light of the career offender categorization, is 32. *See* U.S.S.G. §4B1.1(b); *see also* PSR ¶ 19.

Three levels are removed from the total adjusted offense level of 32 because of Defendant's timely acceptance of responsibility. U.S.S.G. §3E1.1; *see also* U.S.S.G. §4B1.1(b). Altogether, Defendant's total offense level is 29. All parties agree with these calculations. PSR ¶ 22; Gov't Mem. at 4; Def. Mem. at 6.

Because Defendant is a career offender as described above, his criminal history category is VI. U.S.S.G. §4B1.1(b). All parties agree with this criminal history category. PSR ¶ 36; Def. Mem. at 6; Gov't Mem. at 4.

Based on a criminal history category of VI and a total offense level of 29, the recommended Guidelines range of imprisonment is 151 to 188 months. U.S.S.G. Ch. 5, Pt. A. All parties agree with this calculation, which the Court adopts in full. PSR ¶ 69; Gov't Mem. at 4; Def. Mem. at 6.

The parties' sentencing recommendations vary.

Probation recommends a below-Guidelines sentence of 120 months of custody; three years of supervised release with special conditions; restitution in the amount of at least $205.00; and the mandatory $100.00 special assessment. Probation Recommendation at 1, ECF No. 35-1. Probation argues this below-Guidelines sentence is sufficient but not greater than necessary to accomplish the goals of specific and general deterrence, punishment, and incapacitation in light of: (1) Defendant's extensive criminal history, specifically noting Defendant's numerous prior convictions for violent offenses; (2) Defendant continuing to commit such violent offenses as he aged; and (3) the mitigating factors of Defendant's childhood abuse and Defendant having spent the majority of his life in custody. *Id.* at 2-3.

Defense counsel recommends a below-Guidelines sentence of 70 months of incarceration, to be followed by a term of supervised release with special conditions requiring the Probation Department to assist Defendant in acquiring mental health and substance abuse treatment. Def. Mem. at 1.

Defense counsel recommends this sentence for a variety of reasons. First, defense counsel argues a 70-month sentence is warranted because the Career Offender Guideline "unjustifiably" increases Defendant's recommended range of imprisonment from 70 to 87 months to 151 to 188 months. Def. Mem. at 7. After citing numerous sources discussing the severe and non-binding nature of the Career Offender Guideline enhancement, *id.* at 7-8, defense counsel argues a sentence predicated on that Guideline would accomplish none of the purposes of sentencing. *Id.* Specifically, defense counsel notes a lengthy sentence would not achieve the goal of general deterrence, *id.* at 7, nor address the risk of recidivism or achieve specific deterrence, as Defendant's prior criminal history demonstrates incarceration alone is insufficient as a deterrent, *id.* at 8. Instead, defense counsel asserts a shorter sentence with a release plan

9

predicated on the safeguards of mental health treatment, substance abuse treatment, and transitional support will sufficiently address the risk of Defendant reoffending and the goal of specific deterrence. *See id.*; *see also id.* at 2-4 (discussing the physical, verbal, and emotional abuse Defendant's father subjected on Defendant and others; Defendant's horrific experiences in prison as a teenager; and Defendant's history of substance abuse as a coping mechanism for his trauma and undiagnosed mental health struggles); *see generally* Release Plan, Ex. C to Def. Mem., ECF No. 38-1.

Defense counsel further argues Defendant's willingness to engage in mental health treatment, which could help Defendant adapt to the trappings of modern life and address his mental health conditions and childhood trauma, warrants a below-Guidelines sentence. Def. Mem. at 8-9; *see also id.* at 4-5 (describing Defendant's engagement with multiple mental health professionals, including his prescription for antidepressant medication); *see generally* Exs. A and B to Def. Mem, ECF No. 38-1. In fact, defense counsel maintains the most effective mental health treatment for Defendant—i.e., treatment aimed at addressing post-traumatic stress disorder—is not available within the Bureau of Prisons. Def. Mem. at 9.

Finally, defense counsel argues a below-Guidelines sentence is appropriate in light of the harsh conditions of confinement, specific instances of violence, and healthcare struggles Defendant has experienced while incarcerated at the MDC. *Id.* at 9-11.

The Court has also read and considered the letters of support submitted by Defendant's niece, sister, and mother. Exs. E, F, and G to Def. Mem., ECF No. 38-1. The letters describe the Defendant as a loving man and assert Defendant, if given the proper resources and treatment, particularly upon release from prison, would be a productive member of society. *Id.* The Court appreciates what Defendant's advocates have said on his behalf.

The Court has also reviewed Defendant's proposed Reentry Plan, the Workplace Performance evaluation conducted by Defendant's current work supervisor at the MDC, and the two psychological evaluation reports. Exs. A, B, C, and D to Def. Mem., ECF No. 38-1.

The Government recommends a Guidelines sentence of 151 to 188 months of incarceration; a term of supervised release; and forfeiture in the amount of $205.00, as set forth in the Order of Forfeiture. Gov't Mem. at 1.

The Government argues such a sentence is "necessary to recognize the serious nature of the offense, reflect DeRosse's long-standing pattern of committing armed robberies, and to deter future criminal conduct by DeRosse and others." *Id.* at 5. Specifically, the Government highlights the seriousness of Defendant's armed robbery, noting Defendant "*intentionally* made the customers and employees believe he was armed to instill fear and thus ensure their compliance with his demand for money," *id.*; Defendant's history of "regularly committing robberies and other crimes since he was 17 years old," making the instant offense "by no means an aberration," *id.*; Defendant's commission of the instant offense less than a month after having been released from prison while on parole, *id.* at 6; the need to protect the public from Defendant in light of his "long-established pattern of committing new offenses—especially armed robberies—shortly after being released from custody," *id.* at 6-7; the need to specifically deter Defendant, as he has "proven himself to be undeterred by his prior convictions," *id.* at 7; and the need to "send a clear message to other would-be and serial offenders that bank robbery is a serious crime that will result in a substantial loss of liberty, regardless of personal circumstances," *id.*

The Government recognizes Defendant has spent a significant portion of his life in custody, but emphasizes this is the "result of the decisions *he* has made and the harm *he*

11

repeatedly has inflicted." *Id.* at 5-6. Further, while not "minimiz[ing] the challenges that DeRosse has faced," the Government asserts Defendant's "personal circumstances do not justify or erase the damage he has caused." *Id.* at 6.

This Court appreciates the sentencing arguments raised by all parties and has considered each of these arguments in turn.

**E.    Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not pointed the Court to any pertinent policy statements, and the Court has not found any on its own.

**F.    The Need to Avoid Unwarranted Sentence Disparities**

The sixth § 3553(a) factor requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The Court premises its sentence on the nature and characteristics of this Defendant and the instant crime of conviction. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

**G.    The Need to Provide Restitution**

Lastly, the seventh § 3553(a) factor requires this Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

Restitution in the full amount of the victims' losses is mandatory in this case. U.S.C. § 3663A. Probation calculates Defendant's mandatory restitution to be at least $205.00. PSR ¶ 78.

## III. CONCLUSION

For the reasons set forth above, the Court determines a sentence of 180 months of incarceration, to be followed by three years of supervised release with both the standard conditions and special conditions, restitution in the amount of $205.00, forfeiture of $205.00 in accordance with the Order of Forfeiture, and a $100.00 mandatory special assessment is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2). The Court does not impose a fine because Defendant appears unable to pay. PSR ¶ 67.

The Court expressly adopts the factual findings of the Presentence Investigation Report and addendum thereto, ECF Nos. 35 and 40, as corrected herein, to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 3, 2024
Brooklyn, New York

13